**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIANSHAN WANG; JIANG LI, | No. 16-73397 |
| Petitioners, | Agency Nos. A099-418-154 |
| v. | A099-418-155 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges.

Jianshan Wang and Jiang Li, natives and citizens of China, petition pro se

for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying their application for asylum and

denying Wang's applications for withholding of removal and protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination for Wang based on her submission of counterfeit documents, inconsistencies in her testimony regarding the date of her arrest, the number of times she reported to the police, and who mailed her the notarized marriage certificate, as well as inconsistencies in her testimony and lack of candor regarding her residences in the United States. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Jin v. Holder*, 748 F.3d 959, 964-65 (9th Cir. 2014) (fraudulent document properly considered and adverse credibility determination supported under the totality of the circumstances). Substantial evidence supports the agency's adverse credibility determination for Li based on an inconsistency regarding whether Li accompanied Wang to speak to the head of the factory, and lack of detail and evasive testimony regarding his wedding day and visa application. *See Shrestha*, 590 F.3d at 1048; *see also Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020) ("The lack of detail in an applicant's testimony can be a relevant factor for assessing credibility."). Petitioners' explanations do

16-73397

not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony in this case, petitioners' asylum claim and Wang's withholding of removal claim fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT protection because Wang's claim was based on the same testimony the agency found not credible, and Wang does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured in China. *See id*. at 1157.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**